UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREW DUGGINS,

    Petitioner,

v.                                                  CASE NO.:   5:21-cv-130-JLB-PRL

WARDEN, FCC COLEMAN –
USP II,

    Respondent.
_____/

**OPINION AND ORDER**

Pending before the Court is Petitioner Andrew Duggins's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1.)   Petitioner, an inmate at USP Coleman-II, alleges the Federal Bureau of Prisons ("BOP") violated his due process rights during a disciplinary hearing.  In its response, Respondent asks the Court to dismiss the Petition for failure to exhaust administrative remedies or, alternatively, deny the Petition because Petitioner received the due process required during his disciplinary proceedings.  (Doc. 4.)   Petitioner was afforded an opportunity to reply, (Doc. 2), but failed to do so.   For the reasons explained, the petition is denied.

**I.  Background**

Petitioner was issued a disciplinary incident report for possession of any narcotic, in violation of BOP code 113.  (Doc. 4 at 31–35.)   See also 28 C.F.R. § 541.3.   The incident report states that an officer conducted a random search of Petitioner's cell at approximately 7:45 p.m. on December 21, 2020.   (Doc. 4 at 34.) The officer "discovered one folded piece of paper, which contained two pieces of [an]

unknown orange-colored film-like substance" in a locker. (Id.) The officer identified the secure locker as belonging to Petitioner "by personal mail inside the locker." (Id.) Another officer tested the substance with narcotics identification kit ("NIK") tests, which identified the substance as Buprenorphine, an opioid. (Id.) Petitioner was provided a copy of the incident report on December 22, 2020, at 12:24 a.m. (Id. at 31, 33.) A BOP lieutenant subsequently investigated the charge and interviewed Petitioner as part of the investigation. (Id. at 33.) Petitioner declined to make a statement. (Id.) The investigator then referred the matter to the Unit Discipline Committee (the "UDC") for further action. (Id.)

The UDC conducted an informal hearing on December 23, 2020, where Petitioner again declined to make any comments. (Id. at 32). Due to the severity of the charges, the UDC determined that the matter should be referred to the Discipline Hearing Officer ("DHO") for a formal hearing. (Id.) That same day, on December 23, 2020, Petitioner was provided with both a Notice of Disciplinary Hearing and a BOP form AO-293, titled, "*Inmate Rights at Disciplinary Hearing*," which advised of his rights throughout the disciplinary process. (Id. at 40, 42.) The Notice of Disciplinary Hearing advised Petitioner of his rights throughout the disciplinary process, including, among other things, his opportunity to request a staff representative to assist him with the hearing and to call witnesses to testify on his behalf. He declined both. (Id. at 40).

At a hearing before the DHO on January 5, 2021, Petitioner admitted to the charge and provided no additional comments. (Id. at 46.) At the commencement

2

of the hearing, the DHO again advised Petitioner of his due process rights and Petitioner conveyed that he neither wanted a staff representative to appear with him nor to call any witnesses on his behalf. (Id. at 45.) Specifically, the DHO Report states as follows:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request any witnesses or the services of a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.

(Id.)

The DHO found the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of possession of any narcotic, in violation of Code 113. (Id. at 45–46.) As a result, the DHO sanctioned Petitioner with disciplinary segregation, loss of commissary and visitation privileges, impoundment of personal property, and 41 days of lost good conduct time. (Id. at 46.) Petitioner was provided a copy of the DHO report the next day—January 6, 2021. (Id. at 47.)

Petitioner asserts one overarching ground for relief. He contends his due process rights were violated during the disciplinary proceedings. (Doc. 1 at 4.) He alleges the officer misidentified the storage locker as belonging to him. (Id.) He further contends that at the DHO hearing, he sought video footage showing the officer was not in his cell at the time of the search, the testimony of another inmate to state that the mail used to identify the locker as Petitioner's was found by that inmate in general population, and photos of the NIK test results. (Id.) Petitioner

3

claims that his requests were denied by the DHO without explanation. (Id.) He further contends that the DHO refused to consider "documents available on Google showing the NIK tests were unreliable . . . ." (Id.) Lastly, he states that the DHO wrote in the report that Petitioner admitted to the charge, although Petitioner claims he "vehemently denied the charges." (Id.)

Respondent first contends that the Petition should be dismissed because Petitioner did not exhaust his administrative remedies. (Doc. 4 at 4.) Respondent further contends that Petitioner received all due process required during disciplinary process and proceedings. (Id. at 7.) Respondent asserts that the records refute Petitioner's contention that he was denied the opportunity to call witnesses or that he denied the charge. (Id. at 10–11).

Petitioner's projected release date is September 15, 2029. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 19, 2023).

## II.   Analysis

Respondent first asserts that the Petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. Alternatively, Respondent asserts that even if Petitioner's administrative remedies have been exhausted, the Petition should be denied because Petitioner received the request due process throughout his disciplinary proceedings.

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent

4

properly asserts the defense." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. The Court has determined that jumping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. See id.

Prison disciplinary proceedings are not part of a criminal prosecution. Thus, the full panoply of rights that are due to a defendant in a criminal proceeding do not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, inmates are entitled to some due process protections. Id. Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. Id. at 564–66. But an inmate does not have a right to confront or cross-examine witnesses, or a right to counsel. Id. at 567, 570. Further, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 455 (1985). Here, Petitioner was provided written notice of the charge and the hearing, a detailed enumeration of his various rights throughout the disciplinary proceedings, was given the opportunity to call witnesses and present evidence, and was provided with a written finding of fact explaining the basis for the DHO's determination. (Doc. 4 at 31, 33, 40, 42, 47.)

Based on the foregoing, the Court finds that Petitioner was afforded a fair hearing and received the appropriate due process protections. To the extent Petitioner asserts that he was denied an opportunity to call a witness or denied photographic evidence of the NIK test results, such assertions are belied by the record. Petitioner signed a form waiving his right to a staff representative and to have witnesses. (Doc. 4 at 40.) Petitioner was informed of his rights and signed a form acknowledging so. (Id. at 42.) The disciplinary report included photographs of the positive test. (Id. at 37–38.) Nor was Petitioner entitled to video evidence of his cell. See Jean v. Johns, No. 5:20-cv-60, 2021 WL 1097593, at *4 (S.D. Ga. Feb. 16, 2021), report and recommendation adopted, 2021 WL 1097587 (S.D. Ga. Mar. 22, 2021) ("Due process in the context of prison disciplinary proceedings allows for the presentation of documentary evidence, not video evidence.") (citing O'Bryant v. Finch, 637 F.3d 1207, 1214 (11th Cir. 2011).

In addition to the fact that Petitioner received due process as required pursuant to Wolff, the DHO report clearly shows that there was sufficient evidence to support the decision. (Doc. 4 at 45–46.) Determining whether there is "some evidence" in the record to support a disciplinary charge does not "require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," but merely assessment of whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." O'Bryant, 637 F.3d at 1213 (quoting Hill, 472 U.S. at 454–56).

In addition to Petitioner's admission to the charge, the DHO based the decision on the staff member's account of the incident as presented in the body of the incident report. (Doc. 4 at 45–46.) Even if Petitioner had called a witness, denied committing the offense, or challenged the use of the NIK test, the DHO's decision is still supported by the evidence that an officer found narcotics in a secure locker containing mail addressed to Petitioner. As such, the Court finds that there is "some evidence" to support the DHO's conclusion. See Barrie v. Warden, FCC Coleman, 840 F. App'x 508, 509 (11th Cir. 2021) (finding that district court was not required to assess the reliability of NIK tests because it did not need to reweigh the evidence). Petitioner is not entitled to a retrial of the facts underlying his disciplinary sanctions, or to a de novo review of the DHO's factual findings. "'The federal courts cannot assume the task of retrying all prison disciplinary disputes.'" See Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).[1]

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted. Schriro v. Landrigan, 550 U.S. 465 (2007). Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474. Furthermore, although the Court has chosen to reach the merits of Petitioner's claim, it is noteworthy that Petitioner failed to file any administrative remedy relating to facts underlying this petition. (Doc. at 4 at 51.) That remedy process may have meted out the concerns Petitioner raise here without the need to request relief by this Court.

### III. Conclusion

Petitioner received the process due to him in his disciplinary proceedings, and the decision of the DHO is supported by the requisite evidence.

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 27, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record